Matter of McPartland (2021 NY Slip Op 01258)





Matter of McPartland


2021 NY Slip Op 01258


Decided on March 3, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
FRANCESCA E. CONNOLLY, JJ.


2020-01437

[*1]In the Matter of Christopher Andrew McPartland, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Christopher Andrew McPartland, respondent. (Attorney Registration No. 2377588)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 9, 1991.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On December 17, 2019, after a jury trial before the Honorable Joan Azrack, a Judge of the United States District Court for the Eastern District of New York, the respondent was found guilty of (1) conspiracy to tamper with witnesses and obstruct an official proceeding in violation of 18 USC §§ 1512(k) and 3551 et seq.; (2) tampering with a witness, victim, or informant, and obstruction of an official proceeding in violation of 18 USC §§ 2, 1512(b)(1), (2)(A) and (3), (c)(2) and 3351 et seq.; (3) obstruction of justice in violation of 18 USC §§ 2, 1503(a), (b)(3) and 3551 et seq.; and (4) accessory after the fact to the deprivation of John Doe's civil rights in violation of 18 USC §§ 3 and 3551 et seq.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent opposes the motion and cross-moves, inter alia, to refer the matter to a Special Referee for a hearing to determine whether the respondent's conviction constitutes a "serious crime" pursuant to Judiciary Law § 90(4)(d).
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if [*2]committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that the respondent's conviction of the federal crime of tampering with a witness, victim, or informant in violation of 18 USC §§ 1512(b)(1), (2)(A) and (3) and (c)(2) is essentially similar to the New York felony of tampering with a witness in the third degree in violation of Penal Law § 215.11 (see Matter of Davenport, 119 AD2d 247). The respondent asserts that the New York statute that is essentially similar to the federal statute of tampering and obstruction is Penal Law § 215.10, tampering with a witness in the fourth degree, a class A misdemeanor, and requests a hearing to determine if the respondent has been convicted of a serious crime.
We conclude that the respondent's conviction of the federal crime of tampering with a witness, victim, or informant in violation of 18 USC §§ 1512(b)(1), (2)(A) and (3) and (c)(2) is essentially similar to the New York felony of tampering with a witness in the third degree in violation of Penal Law § 215.11 (see Matter of Spota, 184 AD3d 301; Matter of Davenport, 119 AD2d 247). By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of December 17, 2019, and the respondent's cross motion is denied.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS, and CONNOLLY, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to strike the name of the respondent, Christopher Andrew McPartland, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that the respondent's cross motion is denied; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Christopher Andrew McPartland, is disbarred, effective December 17, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Christopher Andrew McPartland, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Christopher Andrew McPartland, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Christopher Andrew McPartland, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court